UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 12-CR-0288- L |
|---|---|
| Petitioner, | |
| v. | **ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |
| RUDY VERDUZCO, | |
| Respondent. | |

On March 31, 2016, Petitioner Rudy Verduzco ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon retroactive Amendment 782 of the United States Sentencing Guidelines that pertain to drug trafficking offenses which became effective November 1, 2014.

Petitioner pled guilty to Conspiracy to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 16, 2014, the Court conducted a sentencing hearing during which it determined that Petitioner's base offense level was 28, based on 100 grams and more of heroin. The parties agreed that Petitioner was a career offender, elevating his base offense level to a 34 and making his criminal history category a VI

1

under U.S.S.G. § 4B1.1.[1] A 3 point reduction was applied for acceptance of responsibility, resulting in an adjusted base offense level of 31. In light of Petitioner's adjusted base offense level and criminal history category, the sentencing range was 188 to 235 months. This Court sentenced Petitioner to 100 months, after considering a number of § 3553(a) factors.

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Amendment 782 generally reduces the base offense level for drug trafficking offenses in § 2D1.1(c) of the Sentencing Guidelines by two levels. *See* Amendment 782, Supplement to Appendix C, Amendments to the Guidelines Manual.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)). Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

---

[1] Under Section 4B1.1, career offenders such as Petitioner are designated as criminal history VI. *See* U.S.S.G. §4B1.1(b).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular defendant was sentenced. U.S.S.G. § 1B1.10(b). In addition, the Court must consider the 18 U.S.C. § 3553(a) factors[2] and the danger to the public created by any reduction in a defendant's sentence. *Id*. at cmt. n. 1(B). The Court may also consider the defendant's post-sentencing conduct. *Id*. Career offenders may qualify for a sentence reduction under section 3582. *See generally United States v. Waters*, 648 F.3d 1114 (9th Cir. 2011).

Amendment 782 did not alter the guideline calculations for 100 grams of heroin under § 2D1.1(c), therefore, Petitioner is not entitled to any reduction in his sentence under the Amendment. U.S.S.C. §2D1.1(c)(6).

## CONCLUSION

Based on the above considerations, Petitioner's motion for a reduction in his sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 17, 2018

Hon. M. James Lorenz
United States District Judge

---

[2] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines… (5) any pertinent policy statement… (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

COPIES TO:

PETITIONER

U.S. ATTORNEY'S OFFICE